IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 3, 2003 Session

B & S ENTERPRISES v. WILLIAM ROWLAND, JR., Individually,
WILLIAM ROWLAND, SR., Individually, and WILLIAM ROWLAND, JR.,
and WILLIAM ROWLAND, SR., d/b/a U.S.A. Windows

Direct Appeal from the Chancery Court for Washington County
No. 34071     Hon. G. Richard Johnson, Chancellor

FILED JANUARY 26, 2004

No. E2003-00458-COA-R3-CV

The Trial Judge refused to onerate an individual associated with defendant corporation with an obligation of the corporation which had been discharged in bankruptcy. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Jason W. Blackburn, Johnson City, Tennessee, for Appellant.

Charles L. Moffatt, Bristol, Tennessee, for Appellee.

OPINION

Plaintiff sued William Rowland, Sr. and William Rowland, Jr., individually and d/b/a U.S.A. Windows, alleging that it had sold sun rooms for defendants who had not paid commissions as agreed on these sales. Defendants responded that W.E. Rowland Development, Inc./USA Windows/Four Seasons Sunrooms, was in bankruptcy, and William Rowland Sr., asserted that he had no business dealings with the plaintiff and was not involved in management and operation of U.S.A. Windows. The Trial Court held a hearing on August 29, 2002, wherein William Rowland Jr. and W. E. Rowland Development Inc./U.S.A Windows were dismissed from the lawsuit due to their discharges in bankruptcy. The Court then ruled that the plaintiff would not be allowed to put

on any proof regarding a partnership, because there was no allegation of a partnership in the Complaint, but in response, the plaintiff's attorney insisted that they had proof that Mr. Rowland Sr. should be held individually liable. The Court then allowed the proof to go forward. At the end of plaintiff's proof, defendant's Motion to Dismiss was sustained by the Trial Court and plaintiff appealed.

On appeal, plaintiff argues that at trial, its theory of recovery was based upon the fact that the father and son were doing business as a general partnership under the name "U.S.A. Windows", and that plaintiff was entitled to recover against Rowland Sr. as a partner in U.S.A. Windows, and that the Trial Court erred in finding that no such partnership existed.

Plaintiff insists that U.S.A. Windows was not simply a trade name used by W.E. Rowland Development Inc., but rather was a partnership between father and son such that, even if the "partnership" has been discharged in bankruptcy, plaintiff was entitled to hold the father liable as an alleged partner. Plaintiff concedes that the party attempting to establish the existence of a partnership bears the burden of proving same by clear and convincing evidence. *Johnson v. Graves*, 15 Tenn. App. 466 (1932); *Kuderewski v. Estate of Hobbs*, 2001 WL862618 (Tenn. Ct. App. July 30, 2001); *Wheeler v. Haley*, 1993 WL 398489 (Tenn. Ct. App. Oct. 1, 1993).

Regarding our standard of review, we have explained:

"[W]hat will constitute a partnership is a matter of law, but whether a partnership exists under conflicting evidence is one of fact." Accordingly, since we are asked by Plaintiffs to review the Trial Court's determination that there was no partnership between the parties, our review is de novo upon the record, accompanied by a presumption of correctness of the findings of fact of the Trial Court, unless the preponderance of the evidence is otherwise. The Trial Court's conclusions of law are subject to a *de novo* review with no presumption of correctness.

*Kuderewski.*

When addressing the issue of whether an implied partnership existed, the Supreme Court has previously held:

In Tennessee, a partnership is defined as an association of two or more persons to carry on as co-owners a business for profit, T.C.A. § 61-1-105(a), and the receipt of a share of the profits of that business is prima facie evidence that a partnership exists, T.C.A. § 61-1-106(4). In determining whether one is a partner, no one fact or circumstance may be pointed to as a conclusive test, but each case must be decided upon consideration of all relevant facts, actions, and conduct of the parties. If the parties' business brings them within the scope of a joint business undertaking for mutual profit--that is to say if they place their money, assets, labor, or skill in commerce with the understanding that profits will be shared between them--the result

is a partnership whether or not the parties understood that it would be so.

Moreover, the existence of a partnership depends upon the intention of the parties, and the controlling intention in this regard is that ascertainable from the acts of the parties.

Although a contract of partnership, either express or implied, is essential to the creation of partnership status, it is not essential that the parties actually intend to become partners. The existence of a partnership is not a question of the parties' undisclosed intention or even the terminology they use to describe their relationship, nor is it necessary that the parties have an understanding of the legal effect of their acts. It is the intent to do the things which constitute a partnership that determines whether individuals are partners, regardless if it is their purpose to create or avoid the relationship. Stated another way, the existence of a partnership may be implied from the circumstances where it appears that the individuals involved have entered into a business relationship for profit, combining their property, labor, skill, experience, or money.

*Bass v. Bass*, 814 S.W.2d 38 (Tenn. 1991)(citations omitted).

In this case, the only proof that plaintiff presented regarding the business relationship between the father and son was that the father came to the office, sometimes signed checks in son's absence, and that the father put up money when W.E. Rowland Development Inc. was formed and owned all of the stock. There was no proof that U.S.A. Windows was a separate entity from (and not just a trade name for) W.E. Rowland Development Inc.[1] The proof in the record does not rise to the level of clear and convincing evidence that a partnership existed. The evidence does not preponderate against the Trial Court's ruling that no evidence existed to support a verdict against Rowland Sr. individually. Tenn. R. App. P. 13(d).

We affirm the Judgment of the Trial Court, and assess the cost of the appeal to B & S Enterprises.

_____
HERSCHEL PICKENS FRANKS, J.

_____

[1]In fact, U.S.A. Windows was listed as a trade name for W.E. Rowland Development Inc., on the bankruptcy notice, and plaintiff admitted that its 1099 came from W.E. Rowland Development, Inc.